IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SHAWNDA TIERNAN, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CAPITAL ACCOUNTS, LLC and JOHN DOES 1-25,

Defendant.

Case No.: 3:16-cv-03291

Judge Trauger

**SUPPLEMENTAL BRIEF SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

MARCUS ZELMAN, LLC

By: /s/ Ari H. Marcus
Ari H. Marcus, Esq.
*Admitted Pro Hac Vice*
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Fax: (732) 298-6256
*Attorney for the Plaintiff
Shawnda Tiernan*

## I. PRELIMINARY STATEMENT

This Supplemental Brief is submitted in response to this Court's Order issued on April 19, 2017. *See,* Docket 17. The Plaintiff commenced this action via the filing of a Complaint which alleged that the Defendant violated the Fair Debt Collection Practices Act (the FDCPA). As alleged in the Complaint, the Defendant emailed the Plaintiff a Collection Letter on October 28, 2015. The October 28th letter stated the amount due as $614.21. Following the plaintiff's written dispute of this amount, the Defendant then mailed a Collection Letter dated September 27, 2016. This new Collection Letter stated that the Plaintiff's balance was $468.53, and advised that this amount included $64.03 in "back interest." The itemized bill attached to the Defendant's September 27, 2016 letter, however, shows a balance owed of $404.50 with no back interest or monthly interest charges being charged by the Plaintiff's creditor. The Complaint specifically alleges that neither the creditor nor the Defendant had any legal or contractual right to charge interest fees. *See,* Docket 1, ¶27.

Plaintiff subsequently filed suit, as case law has clearly held that Defendant's deceptive and unfair practices - in charging and attempting to collect interest on a debt, without that interest being expressly authorized by the agreement underling the debt or permitted by law – violate sections 15 U.S.C. §§ 1692e, 1692e(10) and 1692(f) of the FDCPA. Defendant then moved to dismiss the Complaint, solely arguing that Tennessee law allows it to automatically add 10% interest to any debt incurred in the State, even if the underlying debt does not contain a provision expressly allowing for such interest. In opposition, the Plaintiff pointed out that (1) Tennessee law does not provide a blanket 10% interest rate for all debts incurred in the State, and (2) to the extent that any non-contractual interest can ever be added to a debt in Tennessee, that interest may only be awarded by a court after granting a judgment in favor of the creditor.

1

On April 19, 2017, this Court issued an Order, requesting supplemental briefing from the parties. In doing so, the Court indicated that it was not convinced that Tennessee law "gives Capital the authority to charge 'prelitigation' interest on a debt that does not arise out of a written agreement." The Court accordingly first ordered the parties to "submit any written agreement that underlies the debt allegedly owed by Ms. Tiernan to Equine Performax Vet Services", if any such agreement exists. To the extent that no such agreement exists, the Court further requested supplemental briefing "on the question of whether, when a debt does not arise out of a written instrument, Tennessee law permits a demand for interest to be paid by a debtor before the debt has been reduced to judgment and, if so, under what circumstances such a demand may be made."

The Plaintiff respectfully addresses each of these points below.

**II.    Existence Of A Written Agreement Underlying The Plaintiff's Alleged Debt.**

On May 3, 2017, the Defendant submitted the Agreement which it contends underlies the Plaintiff's debt allegedly owed to Equine Performax Vet Services. *See,* Docket 18. That one-page Agreement contains no authorization for the imposition of <u>any</u> interest, let alone at a 10% interest rate. The Plaintiff is certainly not aware of any other written Agreement with Equine Performax Vet Services which expressly authorized the imposition of interest at the rate of 10%.

**III.   Whether Tennessee Law Permits A Demand For Interest To Be Paid By A Debtor Before The Debt Has Been Reduced To Judgment.**

As extensively set forth in Plaintiff's Memorandum of Law submitted in opposition to Defendant's Motion, Tennessee law does not expressly permit a creditor to tack on an interest rate of 10% any time a debt is incurred in the state. In its Motion, Defendant relied on three different Tennessee statutes: Tenn. Code Ann. § 47-14-103, § 47-14-109, and § 47-14-123. However, § 47-14-103 only discusses the maximum amount of interest allowed to be charged by a contract entered into in Tennessee, in order for an interest rate not to be considered usurious. In the same vein, §

47-14-109 merely sets forth the various dates from which interest is to be calculated, which is crucial when a court in Tennessee is exercising its discretion in determining *whether* to award interest, and from *when* that interest should be calculated. Finally, § 47-14-123 provides that prejudgment interest may be awarded "by courts or juries" in accordance with the principles of equity. None of these statutes authorize the imposition of any interest absent (1) an agreement for such interest, or (2) a judgment, with an attendant award of prejudgment interest.

The Defendant's entire Motion is premised on a distinction between 'pre-litigation interest' and 'pre-judgment interest'. Defendant's glaring failure to point this Court to any state or federal decision which makes this distinction is no oversight. Indeed, both the undersigned – and apparently, this Court – has thus far been unable to find any support for Defendant's novel theory. Without such support the Defendant's Motion must be denied, as there clearly is no law in Tennessee which allows creditors to impose a 10% interest rate on their own, without obtaining a judgment first. Indeed, the very definition of pre-judgment interest presupposes that there is a 'judgment', and that there is an attendant award of interest to compensate the judgment creditor for the time it took to obtain that judgment.

To be sure, the Defendant cites to a Ninth Circuit decision which allowed for the imposition of pre-judgment interest even before a judgment was obtained. *See, Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015). However, the *Diaz* decision was premised on California law, which is markedly different from the Tennessee statutes at issue in this action. In that action, the two operative state laws were sections 3287 and 3289 of the California Civil Code. *See,* 785 F.3d at 1328. Notably Section 3287 provides that "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover <u>which is vested in him upon a particular day</u>, is entitled also to recover interest thereon from that day." *Id.,* citing

3

Cal. Civ.Code § 3287(a). Section 3289 in turn provides that "if a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." *Id.,* citing Cal. Civ.Code § 3289.

A close look at the rationale in *Diaz* highlights the inapplicability of that decision here. In *Diaz,* the Ninth Circuit found notable that "Section 3287(a) allows recovery of interest from the time the creditor's right to recover 'is vested'. " *Id.,* at 1329. The Ninth Circuit accordingly concluded that the collection agency in *Diaz* "had a right to pre-judgment interest pursuant to section 3287(a) in May 2012, despite not having obtained a judgment saying so", because the right to interest had already vested. *Id.,* at 1330. In the case at hand, Defendant has pointed to zero parallels between these California statutes and the Tennessee laws upon which it relies, and the Tennessee statutes are conspicuously bereft of any such language.

By contrast, the Plaintiff pointed to the laws of Kentucky, which are closely similar to the relevant laws in Tennessee. *See e.g., Fulk v. LVNV Funding LLC,* 55 F. Supp. 3d 967 (E.D. Ky. 2014). The collection agency in *Fulk* added prejudgment interest prior to being awarded such interest by a court. In Kentucky – as in Tennessee - prejudgment interest follows as a matter of course in claims for liquidated debt, and it "may be allowed as justice requires" in instances of unliquidated debt. *See id.,* at 972. The *Fulk* court found that the "a creditor may not collect prejudgment interest from a debtor until a judgment has been awarded" because prejudgment interest "presupposes that "the trier of fact, judge or jury, has decided both the question of breach of contract and the amount due for the breach before reaching the question of interest as damages." *Id.,* at 972-973. The *Fulk* court concluded that the FDCPA was violated because, "although statutory prejudgment interest is available as a matter of course for liquidated claims under

4

Kentucky law, it was not proper for LVNV to include it prior to receiving a judgment." *Id.*, at 973.

Again applying Kentucky law, the Sixth Circuit similarly found the FDCPA to be violated in *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448 (6th Cir. 2014), <u>as amended</u> (Dec. 11, 2014). In that action, the court found that "it is true that in certain cases, Kentucky law permits courts to award prejudgment interest as a matter of equity to fully compensate a prevailing party. But PRA did not request that the court exercise its equitable discretion to award interest. Instead, PRA asserted that it had a *legal* right to '$2,630.95, with interest thereon at the rate of 8% per annum' as a *factual* matter." *Id.,* at 448. (emphasis in original). The Sixth Circuit concluded that "because PRA does not have the right to collect interest on Stratton's debt, PRA's allegation to the contrary is a 'false representation' of the 'character' and 'amount' of Stratton's debt." *Id.,* at 451.

As the Sixth Circuit in *Stratton* made clear, the attempted collection of prejudgment interest - before being awarded such interest by a Court sitting in equity – runs afoul of the FDCPA. As courts in this District have previously made clear, Tennessee's laws regarding discretionary interest operates very similarly to Kentucky's. For example, in *Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, Ltd.*, No. 3:03-0016, 2006 WL 5668244 (M.D. Tenn. Jan. 6, 2006), the successful plaintiff requested that the court award it either mandatory prejudgment interest under T.C.A. § 47-14-109(b) or equitable prejudgment interest under T.C.A. § 47-14-123. *See id.,* at *5. After the Magistrate Judge awarded a discretionary pre-judgment interest of eight percent (8%) under T.C.A. § 47-14-123, the *Grubb* plaintiff objected that "the award of interest should be considered 'mandatory' under Tenn.Code Ann. § 47-14-109(b), rather than 'discretionary' under Tenn.Code Ann. § 47-14-123." *See id.,* at *1. The *Grubb* court overruled those objections, and

5

found that the prejudgment interest was properly considered 'discretionary'. *See id.* The Sixth Circuit subsequently affirmed that decision. *See, Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, Ltd.*, 218 F. App'x 390 (6th Cir. 2007).

## IV. CONCLUSION

It is respectfully submitted that the Defendant's Motion to Dismiss the Complaint be denied in its entirety. The Defendant attempted to add and collect interest at the rate of 10%, without any basis or authority in law or fact. The Plaintiff's Agreement with her underlying creditor contains zero language authorizing the imposition of any interest. Furthermore, Tennessee law is clear that the Defendant cannot arbitrarily seek the imposition of pre-judgment interest, without being awarded such interest by a Court sitting in equity. In its Motion, Reply Brief, and Supplemental Brief, the Defendant had the opportunity to direct this Court to any Tennessee statute expressly authorizing the imposition of such interest absent a contract or judgment. Defendant's inability to do so necessarily mandates a denial of its Motion to Dismiss.

It is therefore respectfully requested that the Defendant's Motion be denied, together with such other and further relief as this Court deems just and proper.

Dated: May 3, 2017

Respectfully submitted,

By: __/s/ Ari H. Marcus_____
Ari H. Marcus, Esq.
Marcus Zelman, LLC.
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
*Attorney for the Plaintiff*
*Shawnda Tiernan*