IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWNDA TIERNAN, | ) |
| Plaintiff | ) |
| v. | ) NO. 3:16-cv-3291 |
| | ) JUDGE TRAUGER |
| CAPITAL ACCOUNTS, LLC, | ) |
| Defendant | ) |

MEMORANDUM

Pending before the court is Defendant's Motion to Dismiss (Docket No. 7). For the reasons stated herein, Defendant's Motion is DENIED.

INTRODUCTION

In this action, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect interest on a debt she owed to Equine Performax Vet Services ("Vet").[1] Plaintiff contends that neither the Vet nor the Defendant had a legal or contractual right to claim or charge such interest. Defendant argues that it did have authority to collect 10% interest on Plaintiff's debt under Tennessee law. Defendant has now moved to dismiss Plaintiff's Complaint for failure to state a claim.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

---

[1] The FDCPA provides that a debt collector may not collect any amount (including interest) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

The parties agree that the underlying agreement between Plaintiff and the Vet (Docket No. 18-1) does not provide for interest on any debt from Plaintiff to the Vet. Therefore, resolution of Defendant's Motion to Dismiss depends upon whether there is a legal (rather than contractual) right for Defendant to assess interest on this debt. The court must determine whether Tennessee law permits, in the absence of a written agreement, a demand for interest to be paid by a debtor before the debt has been reduced to judgment.

Defendant contends that Tennessee law specifically authorizes it, standing in the shoes of the creditor, to assess "prelitigation interest" at the rate of ten percent. Defendant relies upon Tennessee Code Annotated, Section 47-14-103, in arguing that it may assess interest in the absence of a lawsuit to collect on a debt. That statute provides the maximum effective rates of interest for certain transactions and states that for "all other transactions," the maximum effective rate of interest is ten percent (10%) per annum. Tenn. Code Ann. § 47-14-103(3). This statute does not authorize

2

the assessment of interest on a debt; it provides the maximum interest rate if interest is to be assessed.[2] Tennessee law does not provide a blanket 10% interest rate for all debts.

Defendant also relies upon Tennessee Code Annotated, Section 47-14-109, in maintaining that it may add a 10% interest rate to Plaintiff's debt before any judgment is entered. That statute provides guidance as to the date from which any interest assessed on certain debts shall accrue and then states that "in all other cases," the time from which interest is to be computed shall be the day when the debt is payable. Tenn. Code Ann. § 47-14-109. Again, the statute does not authorize assessment of interest on a debt; it provides the dates from which any such interest shall accrue.

The statute on prejudgment interest provides no help for Defendant either. That law provides that *a court or jury may award* prejudgment interest as an element of damages if permitted by the statutory or common laws of the state. Tenn. Code Ann. § 47-14-123. That statute clearly applies only if litigation is filed and the court enters judgment.[3]

Defendant also cites Tennessee's usury laws, arguing that Tennessee has provided a specific cause of action to recover improper interest. Tenn. Code Ann. § 47-14-117. The availability of an action to recover improper interest, however, does not preclude Plaintiff's FDCPA claim against Defendant in this case. Plaintiff is claiming that Defendant cannot "tack on" any interest to this debt, not that Defendant is adding interest at usurious rates.

---

[2] In addition, this statute says nothing about "prelitigation interest."

[3] Defendant argues that creditors and debt collectors may make rational decisions not to sue on their debts. The court does not disagree. But choosing not to sue does not entitle them to 10% interest on the debt, absent a contractual obligation or a court order.

Prejudgment interest may be appropriate in an action to recover this debt, but this action is not one to recover the debt; it is an action for damages under the FDCPA.[4] Defendant has not pointed the court to any Tennessee or Sixth Circuit cases which support its argument. The court has found only one case in the Sixth Circuit which uses the term "prelitigation interest," and that case involved whether members of a class had an undivided prelitigation interest in certain funds, clearly not the situation here. *Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367 (6th Cir. 2014).

## CONCLUSION

Defendant has not carried its burden of showing any authority, contractual or statutory, for its unilateral assessment of 10% interest on Plaintiff's debt. Plaintiff's Complaint, accepted for purposes of this motion as true, states a claim for which relief could be granted. For these reasons, Defendant's Motion to Dismiss (Docket No. 7) will be DENIED. An appropriate Order will enter.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[4] As part of its argument for allowing this interest, Defendant contends that fairness requires that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff would have received. (Docket No. 24 at 7) This argument presupposes litigation between a creditor and a debtor.